# Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-1(b)

**McCARTER & ENGLISH, LLP**
Jeffrey T. Testa
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
Email: jtesta@mccarter.com

*Counsel to the Chapter 7 Trustee*

---

In re:

NUVICO, INC., *et al.*,[1]

        Debtors.

Case No.: 16-33240 (SLM)

Chapter 7

---

CHARLES A. STANZIALE, JR., in his capacity as Chapter 7 Trustee of Nuvico, Inc., *et al.*,

        Plaintiff,

v.

CANAL ALARM DEVICES, INC.,

        Defendant.

Adv. Pro. No. 18-01610 (SLM)

## SETTLEMENT AGREEMENT BY AND BETWEEN CHARLES A. STANZIALE, JR., AS CHAPTER 7 TRUSTEE OF NUVICO, INC. ET AL, AND CANAL ALARM DEVICES, INC.

This Settlement Agreement (the "**Settlement Agreement**") is made between Charles A. Stanziale, Jr., in his capacity as the duly appointed, qualified, and serving Chapter 7 Trustee (the "**Trustee**") of Nuvico, Inc., Nuvico, LLC, Sky Mobile Solutions, LLC, and TVS Enterprises, Inc.

---

[1] The Debtors in these cases are Nuvico, Inc., Nuvico, LLC, Sky Mobile Solutions, LLC, and TVS Enterprises, Inc.

ME1 31002091v.1

(collectively, the "**Debtors**"), and Canal Alarm Devices, Inc. (the "**Defendant**," and collectively with the Trustee, the "**Parties**"). The Parties, by themselves or through their respective undersigned representatives, agree to the facts and terms of this Settlement Agreement as follows:

## RECITALS

A. On December 6, 2016 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**").

B. On December 7, 2016, the Office of the United States Trustee for the District of New Jersey appointed Charles A. Stanziale, Jr., as the Chapter 7 Trustee in the Debtors' cases.

C. On February 17, 2017 the Court entered an Order providing for joint administration of the Debtors' cases.

D. Before the Petition Date, the Debtor, Nuvico, Inc. sold and delivered products to Defendant pursuant to an agreement whereby Defendant was invoiced upon shipment for payment with thirty (30) day terms.

E. The books and records of the Debtors reveal that the Defendant owes Nuvico, Inc. $117,186.90 together with accrued interest in net receivables (the "Receivables").

F. On December 5, 2018, the Trustee filed a Complaint against the Defendants seeking among other things to recover the Receivables pursuant to sections 542(b) of the Bankruptcy Code (the "**Adversary Action**").

G. The Defendants have denied liability for the repayment of the total amount of the Receivables and have asserted certain defenses to the recovery of the Receivables.

2

ME1 31002091v.1

H.   The Parties have discussed the issues concerning the Receivables and have agreed to avoid the uncertainties and expense of litigation and to settle and compromise on the Receivables, pursuant to the terms of this Settlement Agreement.

I.   The Parties have had the opportunity to consult with counsel of their respective choice in connection with the matters raised in the Adversary Action and this Settlement Agreement.

J.   Each of the Parties to this Settlement Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the Adversary Action and this Settlement Agreement.

K.   The Trustee believes that the settlement provided for below is in the best interest of the Debtors' estates and falls within the range of reasonableness.

**NOW, THEREFORE**, in consideration of the above Recitals and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1.   **Recitals Incorporated**.  The above Recitals are hereby incorporated in full, and made a part of, this Settlement Agreement and the Trustee is relying on the representations of the Defendants in Recital E as a material inducement to settlement of this matter.

2.   **Settlement Payment**.  The Defendants agree to pay to the order of "Charles A. Stanziale, Jr., as Chapter 7 Trustee of Nuvico, Inc." the sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "**Settlement Payment**") in full settlement of the Adversary Action. The Settlement Payment shall be paid in three payments (each, an "**Installment Payment**"), with the first such Installment Payment (the "**First Installment Payment**") in the amount of

3

$6,600 being made on or before September 1, 2019 and delivered timely to McCarter & English, Attn: Linda Restivo, Paralegal, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07102. The second Installment Payment (the "**Second Installment Payment**"), in the amount of $6,700 shall be made no later than the forty-fifth day after the First Installment Payment was made. The third Installment Payment shall be made no later than the forty-fifth day after the Second Installment Payment was made. There shall be a grace period of five (5) calendar days for each Installment Payment.

3. **Default and Cure**. Should the Defendants fail to make any of the aforesaid Installment Payments, or if any of the aforesaid Installment Payments fail to clear the Trustee's bank account on behalf of the estate the first time deposited for insufficient funds, a notice of default (the "**Notice**") shall be provided to counsel for the Defendants via facsimile and electronic mail, and Defendants shall have five (5) calendar days to cure the default from the date of transmission of the Notice. In the event of default, the Trustee shall be authorized to file a certification of counsel with the Bankruptcy Court to re-open the Adversary Proceeding, if closed, and to otherwise proceed to assert his claim for the full amount of the Receivables (minus any Installment Payments timely made).

4. **Effective Date**. The effective date of this Settlement Agreement shall occur upon the latest of (i) execution of the Settlement Agreement by each of the Parties, (ii) the Order of the Bankruptcy Court approving the settlement becoming final and non-appealable (the "**Settlement Approval Order**"), and (iii) confirmation by the Trustee that each Installment Payment has cleared the Trustee's bank account (collectively, the "**Effective Date**"). If the Effective Date does not occur, this Settlement Agreement shall be null, void and of no effect; the Defendants shall forfeit the right to a refund of any Installment Payment, and the Trustee shall have the right

to reopen and to prosecute the Adversary Action against the Defendants less any Installment Payment made. In the event that Defendant fails to timely make any of the Installment Payments and this litigation continues, the claims and defenses of all Parties are reserved.

5. **Mutual Releases**. Except for the obligations expressly set forth in this Settlement Agreement, on the Effective Date, in consideration of the releases set forth in this Settlement Agreement and the receipt of the Settlement Payment, the Parties shall release and forever discharge one another (including the Trustee and his professionals) from any and all claims arising in connection with the Receivables and the Adversary Action.

6. **Proof(s) of Claim and Scheduled Claim(s)**. On the Effective Date, any and all proofs of claim filed by the Defendants will be deemed withdrawn with prejudice, null and void and of no effect, and the Defendants and Releasors will not file any other proof of claim in the Debtors' cases, including but not limited to the filing of a §502(h) claim relating to the Settlement Payment or any Installment Payment. Any claim scheduled by the Debtors in favor of any of the Releasors shall be deemed null and void and of no effect.

7. **Modifications to the Settlement Agreement**. This Settlement Agreement shall not be modified, amended, or vacated without the prior written consent of the Parties. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court.

8. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes

be deemed an original. This Settlement Agreement may be executed by facsimile and/or email, which shall have the same force and effect as an original signature.

9. **Language Construed as Jointly Drafted by the Parties.** The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

10. **Voluntary Agreement.** The Parties enter into this Settlement Agreement voluntarily and have had the opportunity at their sole discretion to consult with counsel.

11. **Entire Agreement.** This Settlement Agreement is the entire agreement among the Parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the Parties as to the Receivables.

12. **Successors and Assigns.** This Settlement Agreement shall be binding on and inure to the benefit of the Parties, and their respective executors, heirs, successors, and assigns.

13. **Further Assurances.** From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further documents agreements, certificates and instruments and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

14. **Illegality.** If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for

in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agrees, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

15. **Governing Law/Jurisdiction**. EXCEPT TO THE EXTENT (IF ANY) GOVERNED BY THE BANKRUPTCY CODE, THE SETTLEMENT AGREEMENT AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW JERSEY WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION. THE PARTIES ACKNOWLEDGE AND AGREE THAT THE BANKRUPTCY COURT SHALL HAVE THE EXCLUSIVE JURISDICTION OVER THIS SETTLEMENT AGREEMENT AND THAT ANY CLAIMS ARISING OUT OF OR RELATED IN ANY MANNER TO THIS SETTLEMENT AGREEMENT SHALL BE PROPERLY BROUGHT ONLY BEFORE THE BANKRUPTCY COURT AND CONSENTS TO SUCH BANKRUPTCY COURT'S POWER TO HEAR AND DETERMINE ALL SUCH CLAIMS AS A CORE PROCEEDING.

16. **No admission of liability**. This Settlement Agreement is in compromise of disputed claims between the Parties, and shall not be construed as an admission by the Parties or by any of their respective present or former directors, officers, employees or agents, of a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law, or a violation of any right, or breach of any duty, obligation or contract. All communications (whether oral or in writing) between and/or among the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement

Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Settlement Agreement.

17.    **Fees and Costs**.  The Parties agree to bear their own respective costs and expenses, including attorneys' fees, arising out of the Receivables and this Settlement Agreement.

18.    **Captions**.  The captions of this Settlement Agreement are for convenience only and are not a part of this Settlement Agreement and do not in any way limit or amplify the terms and provisions of this Settlement Agreement and shall have no effect on its interpretation.

19.    **Acknowledgment of the Parties**.  The Parties acknowledge that each Party has relied on its own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement) and that each Party possesses the knowledge, experience, and sophistication to allow it to fully evaluate and accept the merits and risks of entering into this Settlement Agreement.

20.    **Authorization**.  The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Settlement Agreement on behalf of such Party.

[*Signature Page Follows*]

Dated: __Aug 29__, 2019

By: _____
Name: Charles A. Stanziale, Jr., Esq.
Title: Chapter 7 Trustee of Nuvico, Inc., et al.

Dated: __July 27__, 2019

Canal Alarm Devices, Inc.

By: _____ (Pres)

[Print Name and Title]

9

ME1 31002091v.1